IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARY KITRIDGE, ) | |
| ) | 8:05cv416 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| TYSON FRESH MEATS, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on filing no. 9, the defendant's Motion to Dismiss the plaintiff's complaint as untimely. The pro se plaintiff, Mary Kitridge, filed this action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), and/or the Nebraska Act Prohibiting Unjust Discrimination in Employment Because of Age, Neb. Rev. Stat. §§ 48-1001 *et seq.* ("Nebraska Age Discrimination Act").

In an Order dated September 28, 2005 (filing no. 12), Magistrate Judge F. A. Gossett directed the plaintiff to file a copy of her administrative charge submitted to the Nebraska Equal Opportunity Commission ("NEOC") or the Equal Employment Opportunity Commission ("EEOC") and a copy of the plaintiff's "right-to-sue notice" from the EEOC. The plaintiff has filed the requested documents (filing no. 13).

The plaintiff's administrative file indicates that she submitted her administrative charge to the NEOC on March 28, 2003, challenging the defendant's refusal to rehire her in January of 2003. The EEOC issued a right-to-sue notice on April 28, 2004, notifying the plaintiff of her 90-day deadline thereafter to bring a lawsuit based on the March 28, 2003 charge. The ninety-day period expired on July 27, 2004. However, the plaintiff waited an additional year to file her complaint in this action on July 28, 2005. Therefore, the plaintiff's

1

claim under the ADEA is barred as untimely.[1] See 29 U.S.C. § 626(e) (ADEA claimant has 90 days after receipt of right-to-sue notice to bring a civil action against the defendant). See also Littell v. Aid Ass'n for Lutherans, 62 F.3d 257, 259 (8th Cir. 1995) ("the plain meaning of the statute [29 U.S.C. § 626(e) of the ADEA] now provides that failure to file suit within ninety days after the receipt of a notice from the EEOC renders a plaintiff's action untimely"). Therefore, filing no. 9, the defendant's Motion to Dismiss, is granted in part, insofar as the defendant seeks dismissal of the plaintiff's ADEA claim.

A federal district court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over claims arising under state law after dismissal of the claim(s) over which the court has original jurisdiction. With the dismissal of the ADEA claim, no apparent basis for subject matter jurisdiction in this court remains with respect to the plaintiff's claim under the Nebraska Age Discrimination Act.[2] 28 U.S.C. § 1447(c) states in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded .... A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."

IT IS THEREFORE ORDERED:

---

[1] The plaintiff's documents (filing no. 13) indicate that initially she filed a timely pro se complaint in the District Court of Lancaster County, Nebraska, in Case No. CI04-2877. However, the Honorable Karen B. Flowers, Lancaster County District Judge, dismissed that case after the plaintiff failed to serve any defendant with process. Subsequently, on July 19, 2005, Judge Flowers denied the plaintiff's motion to reopen Case No. CI04-2877. On July 28, 2005, the plaintiff filed the present case in the District Court of Lancaster County, and on August 26, 2005, the defendant removed the case to this court.

[2] There is nothing on the face of the complaint to suggest diversity of citizenship or a sufficient amount in controversy for diversity jurisdiction under 28 U.S.C. § 1332.

1. That filing no. 9, the defendant's Motion to Dismiss, is granted in part and denied in part, as follows:

   a. The plaintiff's claim arising under the ADEA is dismissed, with prejudice, as untimely;

   b. The plaintiff's claim arising under the Nebraska Age Discrimination Act is not dismissed and instead is remanded to the District Court of Lancaster County, Nebraska, without costs, expenses or attorney's fees;

2. That the Clerk of Court shall mail a certified copy of this Memorandum and Order to the Clerk of the District Court of Lancaster County, Nebraska, pursuant to 28 U.S.C. § 1447(c) and shall close the above-entitled case in this court without delay; and

3. That a separate judgment will be entered in accordance with this Memorandum and Order.

October 5, 2005.                    BY THE COURT:

                                    s/ *Richard G. Kopf*
                                    United States District Judge